IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In Re: | ) |
| | ) |
| RICHARD D. HORNE and | ) |
| PATRICIA NELSON HORNE, | ) |
| | ) |
| Debtors, | ) |
| | ) |
| MARY BETH MANTIPLY, | ) |
| | ) CIVIL ACTION NO. 13-00258-CB-B |
| Plaintiff/Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| RICHARD D. HORNE and | ) |
| PATRICIA NELSON HORNE, | ) |
| | ) |
| Defendants/Appellees. | ) |

**ORDER**

This matter is before the Court on appellant's motion to set aside the order dated May 29, 2013 in which the Court granted appellees' motion to strike the appellant's brief. (Doc. 12.) Appellant asserts that the brief should not be stricken because it was timely filed. As the order makes clear, the brief has been stricken for failure to comply with the format set forth in Rule 8010(a)(1), not for untimely filing. Moreover, appellant may cure this defect be filing a brief in the proper format by the deadline set forth in the order. The motion to set aside is, therefore, **DENIED**.

In her motion (Doc. 12), appellant also seeks Rule 11 sanctions against appellees' counsel. Rule 11 contains a safe harbor provision that provides the opposing party with 21 days to correct the alleged violation. The provision states, in relevant part:

>A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2).   As appellant has failed to comply with these requirements, the request for sanction is **DENIED**.[1]

>**DONE** and **ORDERED** this the 30th day of May, 2013.


>>>>>>>>>>s/*Charles R. Butler, Jr.*
>>>>>>>>>>**Senior United States District Judge**

---

[1] The Court also notes that appellant's request for sanctions is based on an erroneous assertion. Appellant avers that appellees' counsel would have known that the brief had been filed if he had made a reasonable review of the Clerk's record. The brief had not been docketed and did not appear on the docket sheet at the time the motion to strike was filed.  As stated in the Court's previous order, "[o]n May 29, the Hornes filed a motion to strike the appellant's brief (Doc. 9), *which at that time did not appear to have been filed.  Shortly thereafter*, the appellant's brief was located by the Clerk of Court and docketed (Doc. 10)."  (Emphasis added.) Hence, the appellant's brief was not part of the public record at the time the motion to strike was filed.