IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| RICHARD D. HORNE and ) | |
| PATRICIA NELSON HORNE, ) | |
| ) | |
| Debtors, ) | |
| ) | |
| MARY BETH MANTIPLY, ) | |
| ) | CIVIL ACTION NO. 13-00258-CB-B |
| Plaintiff/Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| RICHARD D. HORNE and ) | |
| PATRICIA NELSON HORNE, ) | |
| ) | |
| Defendants/Appellees. ) | |

## ORDER

This matter is before the Court on a "Motion to Stay Proceedings to Enforce Judgment" filed by Appellant Mary Beth Mantiply. (Doc. 77.) The Appellees have filed a reply brief. (Doc. 83.) Upon careful review and consideration, the Court finds that the motion to stay enforcement of the judgment during the pendency of the appeal is due to be granted and that no additional security should be required at this time.

A brief review of the pertinent facts is necessary. The bankruptcy court below found that Mantiply had violated both the automatic stay and discharge injunction by filing and pursuing a civil action against debtor Richard D. Horne. The court also found that both debtors suffered emotional distress and mental anguish as a result of these violations and imposed compensatory and punitive damages as

well as attorney's fees totaling more than $80,000. Mantiply appealed and sought a stay of the judgment from the bankruptcy court. Ultimately, Mantiply posted a cash bond equal to 105% of the judgment, and the stay was granted. On appeal, this court affirmed the Magistrate Judge's order and judgment and also granted Appellees' motion for attorney's fees on appeal, which totaled more than $34,000. Appellees recorded the attorney's fee judgment as a lien against real property owned by Mantiply.[1] Mantiply has filed a notice of appeal, and seeks a stay of this Court's attorney's fee judgment as well as the bankruptcy court's judgment and requests that no additional security be required. Appellees object, arguing that the stay of judgment should be denied unless additional security is posted for the amount of the attorney's fee judgment plus an additional amount for projected attorney's fees to be incurred on appeal.

Thus, the issue now before this Court is whether the stay should be granted without requiring additional security. Whether to grant a stay pending intermediate appeal (i.e., from the district court or bankruptcy appellate panel to the circuit court), is governed by Rule 8017. That rule sets out no specific criteria for granting or denying a stay, stating only that a stay may be extended "for good cause shown" and that "[a] bond or other security may be required as a condition to the grant or continuation of a stay." Fed. Bankr. R. 8017(b).

Three types of stays may be applied to an intermediate appeal—one fully secured by a supersedeas bond, another that is unsecured and discretionary, and "a

---

[1] Based on a search of the Baldwin County property records, this lien (recorded January 10, 2014) remained in effect as of May 19, 2004. *See* Baldwin County Probate Deeds & Records Ref. No. 1436988, www.co.baldwin.al.us (search Public Records, Probate Deeds & Records).

2

third that combines features of the first two." *In re Wymer*, 5 B.R. 802, 804 (9th Cir. BAP 1980).[2]  A discretionary stay, which is part of the court's inherent power to preserve the status quo, is in the nature of a preliminary injunction. *Id.* at 806.  A party seeking to a stay of judgment that cannot be secured by a supersedeas bond must meet the criteria applicable to a motion for preliminary injunction.  *Cf. In re First South Sav. Ass'n,* 820 F.2d 700, 704 (5th Cir. 1987) (applying injunctive test to motion for stay of bankruptcy court's superpriority order).[3]  When a monetary judgment is fully secured by a supersedeas bond, the injunctive test is unnecessary because the status quo is maintained.  See *In re Lambert Oil*, 375 B.R. 197, 200 (W.D. Va. 2007); *see also In re Mirranne*, 94 B.R. 413, 415 (E.D. La 1988).

The instant appeal falls into the middle ground because it involves a partially-secured monetary judgment.  The supersedeas bond filed in the bankruptcy court secures the amount of the bankruptcy court's judgment; however, no supersedeas bond has been posted to secure the attorney's fee judgment issued by this Court.  Moreover, Mantiply contends that none is necessary because the attorney's fee judgment is adequately secured by the lien on her real property.  The Court agrees that Appellee's judgment lien on Appellant's real property provides sufficient security for the attorney's fee judgment.  Therefore, pursuant to Fed.Bankr.R. 8017, the Court finds "good cause" for a stay pending appeal is satisfied

---

[2] At the time *Wymer* was decided, a different version of the Bankruptcy Rules was in effect and Rule 8017 had not been adopted. The *Wymer* court  interpreted and applied Fed. R. Civ. P. 62 and Fed. R. App. P. 41, the rules upon which Rule 8017 was based.  *See* Fed. Bankr. R. 8017 advisory committee's note.

[3] The party seeking the stay must demonstrate the following:  (1) a likelihood of success on the merits; (2) irreparable injury to the movant if the stay is not granted; (3) no substantial harm to the opposing party if a stay is granted; and (4) a stay would serve the public interest.  *Id.* at 709.

by the supersedeas bond posted in the bankruptcy court and the judgment lien filed against Appellant's property.

For the reasons set forth above, the motion for stay of execution of judgment is **GRANTED**. The supersedeas bond previously filed by the Appellant shall remain in the bankruptcy court during the pendency of the appeal. If during the pendency of the appeal Appellant seeks to sell, convey, transfer, mortgage, assign, or otherwise encumber the real property to which the judgment lien has attached, she shall be required to file an additional supersedeas bond equal to 105 % of the attorney's fee judgment.

**DONE** and **ORDERED** this the 22nd day of May, 2014.

> **s/***Charles R. Butler, Jr.*
> **Senior United States District Judge**