IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| PATRICIA NELSON HORNE, ) | |
| as Personal Representative of the ) | |
| Estate of Richard Horne and ) | |
| PATRICIA NELSON HORNE, individually, ) | |
| ) | |
| Debtors, ) | |
| ) | |
| MARY BETH MANTIPLY, ) | |
| ) | CIVIL ACTION NO. 13-00258-CB-B |
| Plaintiff/Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| PATRICIA NELSON HORNE, ) | |
| as Personal Representative of the ) | |
| Estate of RICHARD D. HORNE and ) | |
| PATRICIA NELSON HORNE, individually, ) | |
| ) | |
| Defendants/Appellees. ) | |

**ORDER**

By order dated September 22, 2016 (Doc. 116), the United States Court of Appeals for the Eleventh Circuit has transferred to this Court the various attorney's fee motions filed by the appellees, Patrician Nelson, as Personal Representative of the Estate of Richard D. Horne and Patricia Nelson, individually ("the Hornes") and the responses filed by the appellant, Mary Beth Mantiply. For reasons set forth below, this Court grants the motions.[1]

---

[1] The motions referred are: "Amended Motion for Appellate Attorney's Fees for This Appeal and Cross-Appeal" filed May 6, 2015; Renewed Motion for Appellate Attorneys' Fees for This Appeal and Cross-Appeal," filed February 8, 2016; and "Second Amended Motions for Appellate Attorneys' Fees" filed June 30, 2016.

The bankruptcy court imposed sanctions on Mantiply, an attorney, for violating the bankruptcy stay and the discharge injunction.[2]  Mantiply appealed, and this Court affirmed the bankruptcy court's award of attorney's fees and also granted an award of attorney's fees incurred on appeal.  Mantiply then filed a postjudgment motion to vacate the sanctions award in bankruptcy court, arguing that the bankruptcy judge should have recused himself.  That order was denied.  An appeal followed, and this Court affirmed the bankruptcy court but denied the Hornes' motion for attorney's fees incurred in relation to the postjudgment recusal motion.

Mantiply filed an appeal in the Eleventh Circuit.  That appeal included several orders related to the sanctions award (the sanctions appeal) as well as the postjudgment recusal motion (the recusal appeal).  The Hornes filed a cross appeal of this Court's order denying appellate attorney's fees related to the recusal motion.  The appellate court found the sanctions appeal to be untimely and dismissed that portion of the appeal.  Subsequently, the appellate court entered an opinion and order in favor of the Hornes in both the appeal and the cross appeal.  With regard to the attorneys' fee order, the appellate court held that this Court erred in concluding that the recusal appeal involved *only* the discharge injunction (for which attorney's fees are discretionary).  The appellate court pointed out that there was no evidence in the record to limit the recusal appeal to the discharge injunction violation. That meant that the recusal appeal necessarily involved Mantiply's violation of

---

[2] The long and contentious history of this case has been amply set forth in previous orders and need not be rehashed in detail here.  However, some context is necessary, convoluted though it may be.

bankruptcy's automatic stay for which attorney's fees are mandatory.[3]  Upon remand, this Court so found and awarded attorney's fees in the amount sought by the Hornes.

Meanwhile, Mantiply filed a petition for writ of certiorari in the United States Supreme Court with respect to the recusal appeal.  The Hornes filed a brief in response to the petition.  The Supreme Court denied certiorari on June 28, 2016. (Doc. 109.)

The Hornes filed a timely motion for appellate attorney's fees in the Eleventh Circuit seeking fees and costs incurred on appeal, but the Court denied the motion without prejudice pending this Court's decision on remand.  After this Court entered its order on remand, the Hornes filed a renewed motion for attorney's fees in the appellate court.   After that motion was filed, the United States Supreme Court denied certiorari, so the Hornes filed a second amended motion for attorney's fees to incorporate fees and costs incurred in responding to the petition for certiorari. Mantiply has filed briefs in response to both the renewed amended motion and the second amended motion, and the Hornes have filed reply briefs.

Mantiply objects both to the award of *any* attorneys fees and to the amount sought by the Hornes.[4]  As to the former objection, this Court is not writing on a clean slate or, to use another adage, that ship has sailed.  This Court has determined

---

[3] Section 362(k) "provides that 'an individual injured by any willful violation of a stay . . . *shall* recover actual damages, including costs and attorneys' fees'" (emphasis added), which presumably means that an award of attorney's fees is mandatory for a stay violation, albeit only discretionary for a discharge violation." (Doc. 95 at 9 (quoting 11 U.S.C. § 362(k)).

[4] Both parties assert various technical objections to the content and timing of the motions and responses.  The Court chooses to avoid becoming mired in that minutiae and will jump directly into the substantive issues.

in prior orders (Docs. 36 & 97) that the Hornes are entitled to mandatory attorney's fees under 11 U.S.C. § 362(k). Under the law-of-the-case doctrine, that issue cannot be revisited. *See Oladeinde v. City of Birmingham,* 230 F.3d 1278, 1288 (11th Cir. 2000) (law-of–the-case doctrine bars consideration of legal issues that were actually, or necessarily by implication, decided in a prior proceeding).[5]

Consequently, the only issue to be decided is the amount of the attorney's fees to be awarded. Fee awards under § 362(k) are governed by a reasonableness standard. *In re Parker*, No. 1:07CV737-MHT, 2008 WL 4183436, *2 (M.D. Ala. 2008). To determine reasonableness, courts apply the lodestar approach. *Id.* "In determining the allowable hours and rates that make up the lodestar, 'a judge must 1) determine the nature and extent of the services rendered; 2) determine the value of those services; and 3) consider the factors laid out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and explain how they affect the award." *Id.* (quoting *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d at 874, 877-78 (11th Cir. 1990)(footnotes omitted)).[6]

---

[5] To the extent Mantiply's reliance on *Baker Botts L.L.P. v. ASARCO, LLC*, 135 S. C5. 2158 (2015), may be viewed as an attempt to argue an intervening change in the law, it is unpersuasive for two reasons. First, the case was decided *before* the most recent order granting attorney's fees under § 362(k). Second, *ASARCO* is not controlling. That case addressed attorney's fees incurred in fee-defense litigation based on a bankruptcy statute, 18 U.S.C. § 330, that authorized a *discretionary* award of attorney's fees. In this case, the Hornes' attorneys were defending a sanctions award under a statute that makes attorney's fees *mandatory*.

[6] The *Johnson* factors are: (1) the time and labor required, (2) the novelty and difficulty of the legal questions, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee for similar work in the community, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the

In total, there are three motions for attorney's fees pending, all of which are supported by affidavits as well as a breakdown of hours expended.  First is the motion for attorney's fees filed in the Eleventh Circuit requesting an award of fees and costs incurred during the appeal and cross appeal.  The supporting documents reflect 231.1 hours at a rate of $250 per hour, plus unreimbursed expenses of $1,175.08, for a total request of $61,700.  Second is a renewed motion for appellate attorney's fees which seeks fees and costs incurred upon remand of the attorney's fee issue after their successful cross appeal--15.7 hours at a rate of $250 per hour, plus $21.25 in unreimbursed expenses, for a total of $1,196.33.  Third is the second amended motion—111.4 hours at a rate of $250 per hour, plus $1249.53 in unreimbursed expenses, for a total of  $30,795.86.  Altogether, the Hornes' attorney's fees and expenses for the appeal, remand, and petition for certiorari total $92,495.86.

Though the amount may be large, it is not unreasonable when the *Johnson* factors are considered.  Time and labor alone are major considerations.  The sanctions order that begat this seemingly endless litigation involved repeated violations of the bankruptcy stay and the discharge injunction over a period of many months.  At every turn, Mantiply and her counsel have made simple issues—both legal and factual--unnecessarily complicated, thus necessitating an extraordinary amount of work on the part of opposing counsel and creating a monstrosity of a

---

nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

record in a legal battle that has been going for more than five years.[7] Composing an appellate brief (or an opposition to certiorari) based on this record must be a Herculean task. And this appeal required not one, but two, rounds of briefing in the Eleventh Circuit. Because Mantiply included five district court orders (entered months apart) in her appeal, the Eleventh Circuit questioned the timeliness of some aspects of the appeal and *sua sponte* ordered the parties to submit briefs on the jurisdictional issue. Following those briefs, the court dismissed Mantiply's appeal as to all but one order. The parties were then required to submit briefs on the remaining substantive issues.

The skill required, the experience of counsel, the result obtained, the time limits involved, and the undesirability of this case are also important factors. Because this matter involves bankruptcy law, the pool of qualified attorneys is limited. The Hornes' attorneys have special expertise in bankruptcy, years of experience, and excellent reputations. And they have prevailed at each and every level of this case—bankruptcy court, district court, appellate court, and the Supreme Court.[8] Because these attorney's fee petitions involve appellate work, the strict time limitations applicable in the appeals court also factor in the Hornes' favor. A final factor favoring the Hornes, as their counsel points out, is the undesirability of undertaking legal action against a fellow member of the bar.[9]

---

[7] Simply sorting through the proceedings in order to provide context for this order has consumed an inordinate amount of the Court's time.

[8] Mantiply argues that the fee award is disproportionate to the result. That argument ignores the fact that the Hornes *necessarily* incurred those fees because Mantiply chose to appeal the sanctions award.

[9] In granting prior attorney's fee motions in this case, this Court has approved the hourly rate and need not revisit it here. The remaining *Johnson* factors

Mantiply raises several objections regarding specific items in the fee petitions. The Court will address only two of those objections in detail. The first relates to travel time for counsel's visit to Mrs. Horne to discuss settlement. Mantiply argues that counsel could have communicated with Mrs. Horne by telephone or other means. In her reply, the Hornes' counsel points out that Mrs. Horne was visiting relatives at a rented beach house with no landline and no cell phone reception. The need to communicate the settlement offer was urgent because Mantiply was under a deadline to file an appellate brief. Because the Hornes' counsel was attempting accommodate Mantiply's deadline, the Court finds that this expense is reasonable. Next, Mantiply objects to the amount of time the Hornes' attorneys spent preparing and filing a response to the petition for certiorari. She argues that the Hornes' response was excessive because it argued the merits, which was unnecessary in response to a petition for certiorari. Based on the Court's knowledge of and experience with the case, it is persuaded by the Hornes' response that the scope of their brief was necessary to address jurisdictional issues and misstatements of law and fact. Mantiply's remaining objections are quibbles about how much time tasks should have taken. In a normal case, some of the tasks pointed out might have been accomplished in a lesser amount of time. This is not a normal case. It has consumed an inordinate amount of the Court's time, with every motion and pleading requiring twice as much time to address as anticipated. Based on its

---

are of minor, if any, impact in this case. The Hornes counsel state that they were not precluded from other employment, the fee was fixed, and they had no preexisting relationship with the client.

own experience, the Court cannot fault the Hornes' counsel for their expenditures of time.

In conclusion, the Court **GRANTS** the Hornes' motions and awards the Hornes appellate attorneys fees and costs in the amount of $92,495.86.

**DONE** and **ORDERED** this the 28th day of September, 2016.

*s/Charles R. Butler, Jr.*
**Senior United States District Judge**
